## TOM WILSON v. STATE.

No. A-2955.   Opinion Filed February 20, 1919.

(178 Pac. 490.)

**INTOXICATING LIQUORS — Unlawful Conveyance—Sufficiency of Evidence.** In the prosecution for conveying intoxicating liquors the evidence considered, and **held** sufficient to sustain the conviction, and that no material error was committed on the trial.

*Appeal from County Court, Okmulgee County;*
*Mark L. Bozarth, Judge.*

Tom Wilson was convicted of a violation of the prohibitory liquor law, and he appeals.   Affirmed.

*Joe S. Eaton* and *W. M. Pfeiffer,* for plaintiff in error.

The Attorney General and *R. McMillan,* Asst. Atty. Gen., for the State.

16—15

.DOYLE, P. J.  Plaintiff in error, Tom Wilson, was convicted in the county court of Okmulgee county on a charge that in said county and state, on the 24th day of November, 1916, he did unlawfully transport and convey 40 quarts of whisky from some place unknown to the New York Garage, on Morton avenue, in the city of Okmulgee, and his punishment was fixed at a fine of $250 and confinement in the county jail for 90 days.  From the judgment rendered on the verdict he appeals.

The only assignment of error presented in the brief is that the verdict of the jury is not supported by sufficient evidence and is contrary to law.  A substantial statement of the testimony of each witness who testified in the case is as follows:

The state's first witness, M. Shefle, testified that he conducted a garage business on Morton avenue, city of Okmulgee; knew the defendant and he kept his car at his place; that on the night of the day alleged the car was driven into his garage; that the next morning the officers appeared and searched the car.  On cross-examination he stated that it was dark and a tall fellow drove the car; that he did not know the defendant well enough to say that it was not Tom Wilson who was driving the car.

M. H. Bowman, chief of police of Okmulgee, testified that he knew the defendant, and with Worth Wright and Mr. Thompson, manager of the garage, and Mr. Shefle, he searched the defendant's car in the New York Garage, and found 40 quarts of whisky therein.  On cross-examination he stated that in a conversation defendant denied having any knowledge of his car being there with whisky in it.

Orvel Thompson testified that he was present when the whisky was found in defendant's car, which was a

Dodge roadster; that a day or two later he had a conversation with the defendant in which the defendant told him that it was his car, and that he brought the whisky there for the Eagles' Lodge; that he could not get any one up that night, and he just drove the car into the garage and left it.

Worth Wright testified that he knew the defendant, and assisted in the search of the car, and found 40 or 50 quart bottles of whisky in the car.

This was all the evidence in the case.

We think the foregoing statement shows that the evidence sustains the verdict. When the jury returned their verdict finding the defendant guilty, and there is evidence tending to sustain every essential allegation of the information, the conviction will not be reversed in the absence of prejudicial error.

Finding no error in the record, the judgment of the trial court is affirmed.

ARMSTRONG and MATSON, JJ., concur.